UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MICHAEL FRIEL and SHIRLEY RAYE FRIEL,<br>    Plaintiffs,<br><br>         v.<br><br>GENERAL MOTORS, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br>    Defendants. | No. 2:23-cv-06990-DSF-PVC<br><br>Order DENYING Plaintiffs' Motion to Remand (Dkt. 14) and Requiring Defendant to Show Cause re Subject Matter Jurisdiction |

   Plaintiffs move for remand to California Superior Court. Defendant General Motors LLC objects, arguing removal was substantively and procedurally proper. It is not clear to the Court what purpose the motion serves, as there is virtually no doubt that the Court has subject matter jurisdiction. Plaintiffs do not contend removal was improper, but instead contend GM has failed to prove that all the requirements for removal jurisdiction under 28 U.S.C. §§ 1441 and 1446 are present.

   Like the plaintiff in <u>Vidana v. General Motors LLC</u>, No. 2:23-cv-06986-MCS-AGR at dkt. 15, Plaintiffs here have failed to comply with the letter and spirit of Local Rule 7-5, which requires them to provide "[a] brief but complete memorandum in support [of the motion] and the

points and authorities upon which [they] will rely." Therefore, the motion is denied on procedural grounds.[1]

However, federal courts "are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). The Court therefore has an independent obligation to ensure that it has subject matter jurisdiction. Having reviewed the pleadings, the Court easily finds that GM has established that removal was timely, that the amount in controversy exceeds $75,000, and that Plaintiffs are citizens of California.

As Plaintiffs correctly point out, however, GM has failed to prove its citizenship sufficiently. A corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." <u>Hertz Corp. v. Friend</u>, 559 U.S. 77, 92-93 (2010). In the case of an LLC, citizenship of each of the owners must be established. Though there is no actual doubt that GM and its owners are not citizens of California, the Court agrees with Plaintiffs that GM has not established that fact with admissible evidence.

GM's in-house counsel, Timothy M. Kuhn, declared under penalty of perjury that GM and its owner, General Motors Holdings LLC, as well as its owner, General Motors Company are Delaware companies with their principal places of business is Michigan. Kuhn states that he is responsible for managing GM's breach of warranty litigation but does not suggest why that would give him personal knowledge of those facts. Although he states that the facts in his declaration "are based upon [his] personal knowledge, on matters of which he is informed, and documents he has reviewed," he provides no further details about the nature of his personal knowledge, the matters of which he was informed, or the documents he has reviewed. Nor does

---

[1] Plaintiffs cannot wait for their reply to provide their specific concerns.

he provide any facts to support the conclusion that the "principal place of business of the relevant entities is Michigan." See Hertz Corp., 559 U.S. at 92-93. While the Court has no doubt that GM is rarely called on to establish these facts with specific evidence, it is nevertheless GM's burden to do so here.

Therefore, the Court orders GM to show cause why the case should not be remanded for lack of jurisdiction. GM must file a written response within 14 days of the filing of this Order establishing the citizenship of GM with admissible evidence. Failure to meet GM's burden will result in remand.

IT IS SO ORDERED.

Date: October 10, 2023

Dale S. Fischer
United States District Judge

3